UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/16
```

NANCY LENDOFF,

                Plaintiff,

-v-

VICTOR A. CAMPOVERDE, HERMAN LEASING COMPANY, and HERMANN SERVICES, INC.,

                Defendants.

No. 15-cv-1244 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Before the Court are two motions *in limine*: (1) Plaintiff's motion to preclude the testimony of Stephen Emolo, Defendants' accident reconstructionist expert, as unreliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (Doc. No. 42), and (2) Defendants' motion to preclude the testimony of Dr. Steven Horowitz, Plaintiff's pain management physician, and the introduction of his records, on the ground that the records were produced after the discovery deadline, leaving Defendants with insufficient time to prepare for trial. For the reasons below, the Court denies both motions and adjourns trial to June 6, 2016, so that Defendants may adequately prepare for Dr. Horowitz's testimony.

                I. PLAINTIFF'S MOTION TO PRECLUDE MR. EMOLO'S TESTIMONY

    Based on his expert report, Mr. Emolo will testify about his opinions regarding "the likelihood of the collision scenarios as presented by both of the involved parties and . . . the proximate cause of the collision between" the parties' vehicles. (Doc. No. 43-3 at 2.) Mr. Emolo bases his opinions on his inspection of the accident site and his review of certain discovery materials, including accident reports, photographs of the damage to the vehicles, and the parties'

deposition testimony. (*Id.* at 1–2.) He draws conclusions with respect to the drivers' travel speeds and the nature of their vehicles' collision. (*Id.* at 22.)

Rule 702 of the Federal Rules of Evidence permits expert testimony if, among other factors, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The Supreme Court has held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a *reliable* foundation and is *relevant* to the task at hand." *Daubert*, 509 U.S. at 597 (emphasis added). This "gatekeeping" function applies to scientific expert testimony as well as to technical and other specialized fields of knowledge. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–48 (1999). As the Supreme Court also stated in *Daubert*, the drafting history of Rule 702 reflects "the 'liberal thrust' of the Federal Rules and their 'general approach of relaxing the traditional barriers to 'opinion' testimony.'" *Daubert*, 509 U.S. at 588 (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988)). The Second Circuit has instructed that "*Daubert* reinforces the idea that there should be a presumption of admissibility of evidence." *Borawick v. Shay*, 68 F.3d 597, 610 (2d Cir. 1995). Where evidence is "'shaky but admissible,'" "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attack[].'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) (quoting *Daubert*, 509 U.S. at 596)).

Plaintiff criticizes Mr. Emolo's report on a number of grounds, arguing that it (1) disregards documents and testimony contradicting its conclusions, (2) "declares the accident to be a 'sideswipe,'" "[b]ased on two, less than perfect photographs," (3) rests on "*ipse dixit*, unsupported assertions; conclusions unsupported by reliable methodology and facts," and

(4) mentions a research paper that "does not apply to the fact pattern at bar" because it "d[id] not involve a tractor trailer," "reports data on a controlled sideswipe incident that was designed to replicate a particular accident," and, "in one of the only two tests conducted, the car was not moving at the time of impact." (Doc. No. 44 at 10–11.) Plaintiff does not challenge Mr. Emolo's qualifications as an expert. And although Plaintiff states perfunctorily that Mr. Emolo's opinions are "unsupported by reliable methodology" (*id.* at 10), Plaintiff does not explain why that is so. Plaintiff's other criticisms – such as Mr. Emolo's supposed failure to consider contradictory evidence and his overreliance on two, low-quality photographs of the damage to Plaintiff's vehicle – go to the weight of Mr. Emolo's opinions, not their admissibility. Accordingly, while these arguments perhaps present a basis for cross-examining Mr. Emolo, they do not support precluding his testimony entirely. *See Amorgianos*, 303 F.3d at 267; *see also Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213–14 (2d Cir. 2009) ("[A] trial judge should exclude expert testimony if it is speculative or conjectural or based on assumptions that are 'so unrealistic and contradictory as to suggest bad faith' or to be in essence 'an apples and oranges comparison.' . . . '[O]ther contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony.'" (quoting *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996))).

II. DEFENDANTS' MOTION TO PRECLUDE DR. HOROWITZ'S TESTIMONY AND RECORDS

At the May 2, 2016 pretrial conference, Defendants moved to preclude the testimony and records of Dr. Horowitz, Plaintiff's treating pain management physician. Pursuant to the Court's January 8, 2016 Order, pretrial motions *in limine* were due April 1, 2016. (Doc. No. 32 at 3.) Defendants did not file any motion *in limine* by that deadline with respect to Dr. Horowitz or his records; however, the parties' proposed pretrial order, filed April 1, 2016, did note Defendants'

objection to the introduction of Dr. Horowitz's records, on the basis that, at that time, they had not been disclosed in discovery. (Doc. No. 34 at 5.) At the May 2, 2016 pretrial conference, the parties informed the Court that, although Plaintiff had authorized Defendants to obtain Dr. Horowitz's records in January 2016, and although Defendants had requested those records from Dr. Horowitz shortly thereafter, well before the March 8, 2016 discovery deadline (*see* Minute Entry dated Jan. 8, 2016), Dr. Horowitz did not produce the records until mid-April.

Defendants contend that receiving the records in mid-April has not given them enough time to prepare for trial, and accordingly seek to preclude both the records and Dr. Horowitz's testimony. Any decision on Defendants' motion will necessarily excuse a failure to comply with a Court-ordered deadline, be it (1) Defendants' failure to comply with the deadline for motions *in limine*, or (2) Dr. Horowitz's failure to produce relevant documents by the discovery deadline. Moreover, *granting* Defendants' motion would prejudice Plaintiff by precluding her from introducing potentially important testimony, while *denying* the motion – absent an adjournment of trial – would prejudice Defendants by allowing that testimony without meaningful cross-examination or rebuttal. While adjourning trial regrettably excuses Defendants and Dr. Horowitz for missing deadlines, and inconveniences the Court, it avoids the more significant prejudices to the parties. Accordingly, the Court finds that the least bad option is to allow Dr. Horowitz to testify, but to adjourn trial so that Defendants may adequately prepare any cross-examination or rebuttal evidence.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiff's motion to preclude the testimony of Stephen Emolo is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 42. IT IS FURTHER ORDERED

4

THAT Defendants' motion to preclude the testimony and records of Dr. Steven Horowitz is DENIED. IT IS FURTHER ORDERED THAT the trial previously scheduled to begin on May 16, 2016 is adjourned to June 6, 2016 at 9:30 a.m.

SO ORDERED.

Dated:     May 5, 2016
               New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE